JUDGE SWEET

Richard S. Busch (SB 5613)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-541



Kenneth E. Gordon (KG 5703)
GORDON, GORDON & SCHNAPP, P.C.
437 Madison Avenue, 39th Floor
New York, New York 10022
Telephone: (212) 355-3200
Facsimile: (212) 355-3292

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **WILLIAM SCAGGS p/k/a BOZ SCAGGS,** | ) | |
| | ) | Case No._____ |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT FOR BREACH OF** |
| **v.** | ) | **CONTRACT; ACCOUNTING; AND** |
| | ) | **DECLARATORY JUDGMENT** |
| | ) | |
| **SONY MUSIC ENTERTAINMENT,** | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **Defendant.** | ) | |

Plaintiff William Scaggs p/k/a Boz Scaggs ("Scaggs"), by and through his attorneys, for

his Complaint against the Defendant named above alleges as follows:

## PARTIES

1.    Plaintiff Scaggs is a citizen and resident of California.

1

2. Defendant Sony Music Entertainment ("Sony") is a Delaware General Partnership, whose partners are citizens of Delaware and New York. Sony's principal place of business is located at 550 Madison Avenue, New York, New York 10022.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. This action for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

4. Personal jurisdiction over Sony is proper in this Court on the grounds that (a) Sony transacts business in the State of New York; (b) Sony's wrongful conduct, alleged herein, occurred in the State of New York and in this District; and, (c) the Recording Agreement, as defined below, was entered into in this District and the parties agreed the validity, interpretation and legal effect of the Recording Agreement would be governed by the laws of the State of New York.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

## FACTUAL ALLEGATIONS

6. Scaggs is a world renowned songwriter and performer. Scaggs has had numerous Top 40 hits including "Lido Shuffle," "Lowdown," and "Look What You've Done to Me."

7. On or about December 30, 1976, Scaggs entered into a recording agreement (the "Recording Agreement") with Sony's predecessor in interest CBS Records, Inc. (Sony and its predecessor are collectively referred to as "Sony" hereinafter).

8.    Pursuant to and during the terms of the Recording Agreement, Scaggs caused certain "master" recordings of musical performances (the "Masters") to be made and delivered to Sony, which Masters Sony had agreed to manufacture, distribute, sell, and license for sale and distribution in various configurations.

9.    In consideration of Scaggs' performance under the Recording Agreement, Sony agreed to pay Scaggs under a certain enumerated royalty structure and to account to Scaggs under that royalty structure.

10.    During the period beginning on January 1, 2009 and continuing through the present, Sony has failed to properly account to and pay Scaggs under the royalty structure set forth in the Recording Agreement.

11.    The Recording Agreement contains the following "Masters Leased Provisions" which state in pertinent part:

"In respect of any Master Recording leased by [Sony] to others for their distribution of Phonograph Records in the United States, [Sony] will pay [Scaggs] 50% of [Sony's] net receipts therefrom after deduction of all copyright, AFM and other applicable third party payments."

"In respect of Phonograph Records derived from Master Recordings leased or otherwise furnished by [Sony's] Licensees to others for their manufacture and distribution of Records outside the United States, [Sony] will pay [Scaggs] 50% of the net receipts derived therefrom by [Sony] after deduction of all applicable third party payments."

12.    Under the terms of the Recording Agreement, music downloads, mastertones, and ringtones are "Phonograph Records."

13.    Sony has consistently failed to properly account to and pay Scaggs for Masters leased to third-party Music Download and Mastertone Providers, such as iTunes (Apple), eMusic, amazon.com, Verizon Wireless and others. Music Download and Mastertone Providers are third-parties that licensed (or "leased" in Sony's parlance) the Masters from Sony and then

3

distributed music downloads, mastertones, and ringtones to end users on computers, cell phones, or other devices.

14.     After January 1, 2009, Sony leased the Masters to third-party Music Download and Mastertone Providers, so that those third-party Music Download and Mastertone Providers could distribute music downloads, mastertones, and ringtones to the public. Sony received monies for this leasing and continuously and persistently failed to account to and pay Scaggs the 50% of net receipts due to him pursuant to the terms of the Recording Agreement.

15.     Instead, between January 1, 2009 and present, Sony systematically accounted to and paid Scaggs for the Masters leased to third parties, including third party Music Download and Mastertone Providers at lower royalty rates, under provisions of the Recording Agreement, which are applicable only to Phonograph Records sold by Sony, and are not applicable to the leasing of the Masters.

16.     The Ninth Circuit in *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010), held that income from Music Download and Mastertone Providers was licensing (or leasing in Sony's parlance) income. This decision means Scaggs is entitled to be paid on Sony's income from Music Download and Mastertone Providers under the Masters Leased Provisions of the Recording Agreement.

17.     Sony may claim, as it has in other cases when suit has been filed against it, that "leasing" masters under the recording agreement means something different than "licensing" masters, so Sony does not owe plaintiff a share of 50% of net receipts even if it licensed the masters to third parties for sale as downloads and master tones. This assertion would be nonsense, and would be contrary to Sony's historical practice. Sony has paid plaintiff, and others who have similar language in their recording agreements, 50% of net receipts on licensed

4

income regardless of whether the applicable recording agreement says that the artist gets 50% of receipts when Sony "leases" masters or "licenses" masters.  In other words, Sony's historical practice shows that it considers the leasing and licensing of master recordings to mean the same thing.

18.    Sony's failure to account to and pay artists correctly for its income from Music Download and Mastertone Providers resulted in a class action, *Shropshire v. Sony Music Entertainment*, Case Number 06 Civ. 4252, being filed in the Southern District of New York. On March 7, 2012, the parties to that litigation moved for preliminary approval of a proposed settlement of that action.

19.    Because the relief offered by the class action suit is wholly insufficient to make Scaggs whole, on July 3, 2012, Scaggs opted out of the class in order to bring his own separate claims.

20.    Sony's failure to correctly pay Scaggs for music downloads, mastertones, and ringtones derived from Masters leased to Music Download and Mastertone Providers has resulted in Sony underpaying Scaggs in an amount which can only be determined after Sony has provided an accurate accounting, but believed to be in excess of $150,000.

21.    In addition, Scaggs has a reasonable belief that Sony has, through acts known and unknown, failed to accurately account to and pay him for Sony's own exploitation of the Masters.

22.    Sony's failure to correctly account to and pay royalties to Scaggs including its failure to correctly account to and pay royalties for Sony's leasing of the Masters to third-party Music Download and Mastertone Providers has resulted in Scaggs being significantly underpaid

under the terms of the Recording Agreement. Sony's underpayment of royalties to Scaggs is the direct and proximate cause of financial harm to Scaggs.

23.     Sony was notified on or about July 18, 2012, of Scaggs' objection to every royalty statement issued by Sony for the royalty periods beginning January 1, 2009 and continuing through the present, and was notified of its failure to correctly pay Scaggs for music downloads, mastertones, and ringtones derived from Masters leased to Music Download and Mastertone Providers. To date, Sony has failed to remedy this failure and to make Scaggs whole.

24.     Upon information and belief, Sony has continued to incorrectly account to and pay Scaggs in the period after the specific written notice was sent to Sony. Such continuing failure to account to and pay Scaggs has resulted in additional substantial financial damage to Scaggs.

<h3 style="text-align:center">CLAIM I<br>Breach of Contract</h3>

25.     Scaggs re-alleges each and every allegation in paragraphs 1 through 24 as if fully set forth herein.

26.     The Recording Agreement is a valid and enforceable contract between Scaggs and Sony.

27.     Scaggs has performed all his obligations under the Recording Agreement.

28.     Sony has failed to comply with the terms of the Recording Agreement and failed to fulfill its obligations under the Recording Agreement by failing to properly account to and pay Scaggs royalties for Sony's leasing of the Masters to third parties including Music Download and Mastertone Providers.

6

29. By reason of the foregoing and other acts not presently known by Scaggs, Sony has knowingly and materially breached its contractual obligations to Scaggs under the Recording Agreement.

30. Sony's material breach of the Recording Agreement is the legal cause of substantial damage to Scaggs for which Scaggs seeks monetary damages in an amount to be determined at the time of trial, which, upon information and belief, is in excess of $150,000.

## CLAIM II
## Declaratory Judgment

31. Scaggs re-alleges each and every allegation in paragraphs 1 through 30 hereof as if fully set forth herein.

32. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

33. Scaggs seeks a declaration that, pursuant to the Recording Agreement, Sony is obligated to pay Scaggs fifty percent (50%) of Sony's net receipts derived from the leasing of the Masters to others for the manufacture and sale of Phonograph Records or for any other uses, including but not limited to the leasing of the Masters to Music Download and Mastertone Providers.

34. Sony denies the leasing of the Masters to Music Download and Mastertone Providers requires it to pay Scaggs fifty percent (50%) of Sony's net receipts.

35. Sony continues to lease the Masters to Music Download and Mastertone Providers and receive payment from Music Download and Mastertone Providers, but, on

information and belief, continues to account to Scaggs for these leases at a royalty rate that is less than fifty percent (50%) of Sony's net receipts from those leases.

36.     By reason of the foregoing, there is a present controversy between Scaggs and Sony for which a declaratory judgment should be entered.

37.     Scaggs has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Scaggs prays for judgment against Sony as follows:

1.     Compensatory damages, the exact amount of which to be determined at the time of trial, but in an amount not less than $150,000;

2.     An Order and Judgment declaring that the Recording Agreement requires Sony to account to and pay Scaggs fifty (50%) of its net receipts for leasing of the Masters, including leasing to Music Download and Mastertone Providers;

3.     An award of actual and reasonable attorneys' fees and costs for services rendered to Scaggs in this action;

4.     An award of pre- and post-judgment interest;

5.     A trial by jury on all triable issues; and

6.     Such other and further relief as the Court deems just and proper.

Dated: September 19, 2012          By:     /s/ Richard S. Busch

Richard S. Busch (SB 5613)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-541

By: _____

Kenneth E. Gordon (KG 5703)
GORDON, GORDON & SCHNAPP, P.C.
437 Madison Avenue, 39th Floor
New York, New York 10022
Telephone:  (212) 355-3200
Facsimile:  (212) 355-3292